UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE OUTLET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY and Does 1 to 10, Inclusive<br><br>Defendant. | No. 2:14-cv-00575-TLN-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |

This matter is before the Court on Defendant Hartford Casualty Insurance Company's ("Defendant") second Motion to Dismiss Plaintiff's First Amended Complaint. (Def.'s Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 34.) Plaintiff Granite Outlet Inc. ("Plaintiff") filed an opposition to Defendant's motion. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 36.) The Court has carefully considered the briefing filed by both parties. For the reasons below, the Court GRANTS Defendant's Motion to Dismiss with PREJUDICE.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This dispute arises out of Defendant's declination to cover two employment-related claims filed against its insured, Plaintiff. (Pl.'s First Am. Compl., ECF No. 33 at ¶ 9.) Two of Plaintiff's former employees brought claims against Plaintiff for outstanding wages due, as well as associated penalties and liquidated damages pursuant to Labor Code sections 203 and 1194.2

1

respectively. (ECF No. 33 at ¶ 13.) Plaintiff has since settled all claims with both employees. (ECF No. 33 at ¶ 25.)

Plaintiff alleges that the parties in this matter have a written contract between them for insurance. (ECF No. 33 at ¶ 8.) Plaintiff claims it is entitled to indemnification for the associated penalties and liquidated damages against the two employment-related wage disputes, as well as a right of defense. (ECF No. 33-1 at 42.) Defendant issued Plaintiff a liability policy ("the Policy") that was in effect from November 13, 2012, to November 13, 2013. (ECF No. 33-1 at 9.) The Policy included Business Liability, Employee Benefits Liability, and Umbrella Liability Coverage. (ECF No. 33 at ¶¶ 41, 46, 48.) The Policy for these three coverage provisions provides:

> Business Liability Coverage:
>
> > We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies. This insurance applies: (1) To 'bodily injury' and 'property damage' only if: (a) The 'bodily injury' or 'property damage' is caused by an 'occurrence'.
>
> Employer Benefits Liability Coverage:
>
> > Defendant will "pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'employee benefits injury' to which the insurance applies.
>
> The Umbrella Liability Coverage:
>
> > Defendant will pay those sums that the insured becomes legally obligated to pay as damages in excess of the underlying insurance or of the self-insured retention when no underlying insurance applies, because of bodily injury, property damage, or personal and advertising injury to which this insurance applies caused by an occurrence.

(ECF No. 34-3 at 85, 122, & 177.)

On December 23, 2013, Plaintiff filed a Complaint for declaratory relief against Defendant. (ECF No. 1-1 at 8–14.) On March 7, 2014, Defendant filed a Motion to Dismiss claiming that the Policy terms did not provide coverage for the wage disputes. (Def.'s Mem. Of P. & A., ECF No. 7.) Plaintiff identified a "related case" in its opposition, filed a Notice of

2

Related Case, and consequently the Court took the motion off calendar.[1]  (ECF No. 13; ECF No. 14; ECF No. 15.)  Thereafter, on June 25, 2014, Plaintiff filed a Notice of Settlement of Related State Court Cases.  (ECF No. 16.)

On August 11, 2014, Plaintiff submitted a Motion for Leave to File First Amended Complaint.  (ECF No. 17.)  On January 22, 2016, this Court filed an Order granting Plaintiff's motion.  (ECF No. 32 at 9.)  However, the Court noted the deficiencies in Plaintiff's arguments surrounding the three coverage provisions in the Policy and cautioned Plaintiff that it would not look favorably on the argument that Plaintiff's failure to pay the wages, as well as the penalties and damages associated with this failure, fall under the Business Liability, Employee Benefits Liability, or Umbrella Liability Coverage provisions.  (ECF No. 32 at 9.)  On February 20, 2015, Plaintiff timely filed its First Amended Complaint (FAC).  (ECF No. 33.)  The FAC alleges three claims for relief: (1) declaratory relief pursuant to Cal. Code of Civ. Proc. section 1060; (2) breach of written contract; and (3) bad faith—unreasonable failure to defend or indemnify.  (ECF No. 33 at 3–15.)

Defendant has filed a Motion to Dismiss Plaintiff's FAC pursuant to Rule 12(b)(6).  (ECF No. 34.)  Defendant argues that Plaintiff's FAC should be dismissed because it is substantively identical to Plaintiff's original complaint, which this Court viewed unfavorably.  (ECF No. 34-2 at 5.)  Consistent with its first Motion to Dismiss, Defendant argues that neither the Business Liability, Employee Benefits Liability, nor Umbrella Liability Coverage provide coverage for a claim regarding an employer's failure to pay wages and the penalties and liquidated damages resulting from that failure.  (ECF No. 34 at 1–2.)  Defendant contends that Plaintiff's additional breach of contract and bad faith claims are also not covered under the Policy because it had no duty to insure Plaintiff's employment-related disputes.  (ECF No. 34 at 3.)  Plaintiff argues that it has provided sufficient facts to support a claim because each coverage provision within the Policy covers the employment-related penalties and liquidated damages.  (ECF No. 36.)

---

[1] Plaintiff had a pending federal civil rights case against Christine Baker, Director of the Department of Industrial Relations—Granite Outlet v. Christine Baker, USDC EDCA Case No. 14-cv-00124-TLN-EFB—alleging that the appeal bond requirements of Labor Code section 98.2(b) and other practices of the Labor Commissioner are unconstitutional.  *Granite Outlet Inc. v. Christine Baker*, No. 2:14-cv-0124-TLN-EFB, 2014 WL 280388 (E.D. Cal. Jan. 23, 2014).

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

//
//
//

**III.   ANALYSIS**

A. <u>First Claim for Relief: Declaratory Relief</u>

Plaintiff is seeking declaratory relief that it has a right of defense under the Policy to the employment-wage claims and a right to indemnification regarding the associated penalties and liquidated damages. (ECF No. 33 at ¶¶ 8–27.) Defendant argues that the failure to pay wages is not covered under the Business Liability, Employee Benefits Liability, or Umbrella Liability Coverage provisions in the Policy. (ECF No. 34 at 7–8.)

*i.   Business Liability Coverage*

The Policy for the Business Liability Coverage provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies. This insurance applies: (1) To 'bodily injury' and 'property damage' only if: (a) The 'bodily injury' or 'property damage' is caused by an 'occurrence'

(ECF No. 34-3 at 85.) Therefore, in order for this coverage to apply, a claim must be for either a "bodily injury," "property damage," or "personal and advertising injury" and must be caused by an "occurrence."

A "bodily injury" constitutes a "physical injury; sickness; or disease sustained by a person." (ECF No. 34-5 at 85.) "Property damage" is defined as "physical injury to tangible property, including all resulting loss of use of that property." (ECF No. 34-5 at 88.) "Personal and advertising injury" is defined as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses:" (a) false arrest, detention or imprisonment; (b) malicious prosecution; (c) wrongful eviction and similar property violations; (d) defamation; (e) invasion of privacy; (f) copying another's 'advertising idea' or 'advertisement'; (g) infringement on copyright; or (h) discrimination or humiliation. (ECF No. 34-5 at 87–88.) Finally, an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (ECF No. 34-3 at 106.)

The underlying claims here involve a loss of wages. Both parties state that this does not constitute a bodily injury. (ECF No. 36 at 21; ECF No. 34-2 at 13.) Furthermore, the claim does

not arise out of any of the offenses listed under the definition of "personal and advertising injury." (ECF No. 34-2 at 15–16.) However, the parties dispute whether the claim constitutes property damage pursuant to the Business Liability Coverage. (ECF No. 34-2 at 14; ECF No. 36 at 21.) Plaintiff contends that the penalties and liquidated damages trigger coverage as 'property damage,' because penalties and liquidated damages are the equivalent to money and money is property. (ECF No. 36 at 21.) Moreover, Plaintiff asserts that the penalties and liquidated damages (property damage) were caused by an 'occurrence' because they were 'accidental acts arising from a breach of contract.' (ECF No. 36 at 21.)

As the Court explained in its previous Order on this matter, the Court does not analyze the issues of whether this constitutes "property damage" or an "occurrence" because the Business Liability Coverage contains an exclusion. (ECF No. 32 at 6.) The exclusion for "Employment Related Practice . . . precludes coverage for: personal and advertising injury to: (1) A person arising out of any . . . [e]mployment-related practices, policies acts or omissions." (ECF No. 34-3 at 93.) Paying wages for employees, or failing to do so, is employment related. Moreover, both the penalties and liquidated damages associated with the failure to pay wages for employees, is also employment related. Therefore, even if the claim did meet one of the definitions under this coverage provision, the aforementioned provision excludes acts or omissions that are employment related. Although the Plaintiff was made aware of this exclusion in the Court's previous Order, Plaintiff fails to address this exclusion in its arguments.

*ii.     Employee Benefits Liability Coverage*

The Policy for the Employee Benefits Liability Coverage provides that Defendant will: "pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'employee benefits injury' to which the insurance applies." (ECF No. 34-3 at 122.) An employee benefits injury is defined as an "injury that arises out of any negligent act, error or omission in the 'administration' of your 'employee benefits program.'" (ECF No. 34-4 at 28.) "Administration" and "employee benefits program" are defined as follows:

> Administration: Giving counsel to your employees or their dependents and beneficiaries with respect to interpreting the scope of your employee benefits program or their eligibility to participate

>in such programs; handling records in connection with employee benefits programs; and starting or stopping any employee's participation in your employee benefits program.
>
>Employee benefits program: a formal program or programs of employee benefits maintained in connection with your business or operations, such as but not limited to: group life insurance, group accident or health insurance, profit sharing plans and stock subscription plans, provided that no other than an employee may subscribe to such insurance or plans; and unemployment insurance, social security benefits, workers' compensation and disability benefits.

(ECF No. 34-4 at 193.)

Plaintiff explains that it is not contending that the actual wages due are covered, rather Plaintiff alleges the Policy covers the associated penalties and liquidated damages. (ECF No. 36 at 19.) However, Plaintiff previously made this distinction in its Complaint, and the Court noted that Labor Code penalties and associated liquidated damages did not meet the definitions of administration and employee benefits program. (ECF No. 32 at 7.) Neither penalties nor liquidated damages are formal programs, nor do they resemble the examples listed in the provision.[2] Therefore, the Policy does not provide coverage for penalties and liquidated damages.

Moreover, Defendant points to the Policy which provides that "damages" excludes fines and penalties. (ECF No. 34-2 at 19.) In response, Plaintiff alleges that the Policy attached to its FAC is different than the Policy provided by Defendant. (ECF No. 36 at 3–4.) According to Plaintiff, Defendant incorrectly provided the Court with the Policy from 2010–2011, whereas Plaintiff provided the correct Policy from 2012–2013. (ECF No. 36 at 4.) Additionally, Plaintiff alleges that the 2012–2013 version does not have the exclusionary language that Defendant references in its version of the Policy and thus, penalties are not excluded. (ECF No. 36 at 4–5.) Plaintiff asserts: "For purposes of a motion to dismiss under a 12(b)(6), the court should accept Plaintiff's version of the contract as the operative version." (ECF No. 36 at 2.) Defendant

---

[2] The Court applies the principle of *ejusdem generis* here. California courts apply this principle as follows: "particular expressions qualify those which are general." Cal. Civ. Code § 3534. Following this principle, here the list of particular examples qualify the general term "employee benefits program." The regular payment of wages does not fit within this list and therefore does not meet the definition.

8

requests the Court take judicial notice of its Policy attached to its Motion to Dismiss as the correct Policy in this matter. (ECF No. 35.)

The general rule that a court may not consider extrinsic evidence outside of the pleadings for the purposes of a motion to dismiss has two exceptions. Those exceptions are: "[1] documents incorporated into the complaint by reference, and [2] matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights. Ltd.*, 551 U.S. 308, 322 (2007). A court may consider documents external to the pleadings in a motion to dismiss under the incorporation by reference doctrine where the contents of the documents are alleged in the complaint and neither party questions the authenticity of the documents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 979 (N.D. Cal. 2005) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3rd Cir. 1997)).

First, Plaintiff is correct in asserting that the 2012–2013 Policy is the controlling Policy that applies to this dispute because Plaintiff submitted a tender of defense/indemnity letter and a claim/occurrence form to Defendant on November 14, 2013 and November 21, 2013, respectively. (ECF No. 33-1 at 42–46; ECF No. 33-1 at 138.) However, Plaintiff's allegation that Defendant attached the Policy from the wrong year (2010–2011) to its Motion to Dismiss is disingenuous. (ECF No. 37 at 5.) Defendant in fact attached the 2012–2013 Policy to its Motion to Dismiss. (ECF No. 34-3 at 28–206.) Accordingly, the Court finds that Defendant provided this Court with the Policy from the correct year. (ECF No. 34-3 at 28–206.)

Second, Plaintiff argues that its version of the Policy does not encompass the definition of damages, which expressly states: "Damages do not include [f]ines; [p]enalties; or [d]amages for which insurance is prohibited by the law applicable to the construction of this policy." (ECF No. 34-3 at 127.) Therefore, Plaintiff alleges this exclusion is not part of the Policy. (ECF No. 36 at 2.) However, it appears that Plaintiff has only attached a partial copy of the 2012–2013

9

Policy that conveniently does not include the clause that excludes penalties from coverage. (ECF No. 33-1 at 2–40.)  The Court recognizes that the portion of the Policy that Plaintiff attached to its FAC is also within the Policy provided by Defendant.  (ECF No. 33-1 at 2; ECF No. 34-3 at 202.)  Moreover, Plaintiff's partial Policy includes a Declaration page, which lists each type of policy form within the entire Policy and identifies each form by letter and number. (ECF No. 33-1 at 19.)  Defendant asserts that "[t]he damages definition that [Plaintiff] says is not part of the policy appears in Form SS 04 13 03 92," and this form number is listed in the Declaration page provided by Plaintiff.  (ECF No. 33 at 5.)  The Court observes that this form number is undoubtedly listed on the Declaration page provided by Plaintiff and also notes that the form with the damages exclusion provided in Defendant's version of the 2012–2013 Policy is labeled as form SS 04 13 03 92.  (ECF No. 34-3 at 127.)  Accordingly, there is no reason to infer that the damages exclusion is not included in the 2012–2013 Policy because both Defendant and Plaintiff's version of the Policy references the damages exclusion form.

Defendant requests this Court take judicial notice of the 2012–2013 Policy between the parties.  (ECF No. 34-3 at 28–206.)  The Court takes judicial notice of the Policy attached to Defendant's Motion to Dismiss for three reasons: (1) the basis of Plaintiff's claims necessarily rely on the Policy to grant it a right to defense and indemnity for penalties and liquidated damages; (2) Plaintiff refers extensively to the document throughout its FAC; and (3) Plaintiff's version of the Policy is incorporated in Defendant's version of the Policy, consequently making them the same Policy.  (ECF No. 33 at ¶ 3, 8–10, 14, 16, 58, 60–61); *see also U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may consider a document not attached to the complaint if the plaintiff refers extensively to the document or "if the document forms the basis of the plaintiff's claim").  Accordingly, the Court considers the Policy that Defendant attached as an exhibit to its Motion to Dismiss in deciding Plaintiff's claims.  As such, because the Court finds that Defendant provided the correctly dated Policy from 2012–2013 and also provided the complete Policy, which includes the damages exclusion, the penalties that Plaintiff seeks coverage for are excluded pursuant to the Policy between the parties.

Plaintiff also alleges that the Court failed to determine in its first Order whether the

Policy covers liquidated damages pursuant to Labor Code section 1194.2.  (ECF No. 33 at ¶ 2.)  "The 'liquidated damages' allowed in [Labor Code] section 1194.2 are in effect a penalty equal to the amount of unpaid minimum wages."  *Martinez v. Combs*, 49 Cal. 4th 35, 48 n.8 (2010).  Here, penalties are explicitly excluded under the Policy: "Damages do not include [f]ines [or] [p]enalties."  (ECF No. 34-3 at 127.)  Given that the Policy provides that "damages" excludes fines and penalties, and liquidated damages are in effect a penalty, the Court finds that the Policy does not provide coverage for the liquidated damages sought by Plaintiff.

Plaintiff further contends that the penalties imposed under Labor Code section 203 are a consequence of negligent conduct and are therefore covered as an 'injury that arises out of any negligent act' under the Employee Benefits Liability Coverage.  (ECF No. 36 at 6.)  Labor Code section 203 states "[i]f an employer willfully fails to pay . . . any wages . . . the wages of the employee shall continue as a penalty."  Cal. Lab. Code § 203.  According to Plaintiff, Labor Code section 203 imposes penalties when a violation is willful, and therefore, is a consequence of negligent conduct.  (ECF No. 36 at 6.)

California courts have held that employee wage claims and violations of overtime requirements arise from the employment contract.  *Aubry v. Tri–City Hospital Dist.*, 2 Cal. 4th 962, 969 n.5 (1992); *see also Bell v. Farmers Ins. Exchange*, 135 Cal. App. 4th 1138, 1146–47 (2006).  Courts have also held that a breach of contract claim is generally not covered under professional liability policies because there is "no wrongful act and no loss since the insured is simply being required to pay an amount it agreed to pay."  *Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 253 (2012) (class members sued their health insurers for unpaid benefits and associated civil penalties under their health plans).  The *Health Net* court concluded that there was no policy coverage for payments arising out of the unpaid benefits because the health insurers were "obligated to pay their insureds by contract, independent of any Wrongful Act," as opposed to amounts due to the insureds as a result of a "wrongful act" as defined in the policy.  *Id.* at 252–53 (cited by *Screen Actors Guild Inc. v. Federal Ins. Co.*, 957 F. Supp. 2d 1157, 1163 (C.D. Cal. 2013)).  In short, "an insured's alleged or actual refusal to make a payment under a contract does not give rise to a loss caused by a wrongful act."  *August Entertainment, Inc. v.*

11

*Philadelphia Indemnity Ins. Co.*, 146 Cal. App. 4th 565, 578 (2007). Here, the failure to pay wages and associated penalties and liquidated damages are contractual in nature and therefore are not wrongful acts pursuant to the Policy.

The 'willful' factor that Plaintiff is referring to is a requisite element to impose penalties under Labor Code section 203. *See Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure to pay wages, so as to make employer liable for penalties under Labor Code, if the employer and employee have a good faith dispute as to whether and when the wages were due."). However, the crux of this penalty conjoins with Plaintiff's failure to pay wages, which is simply a breach of duty related to a breach of contract rather than a wrongful act, and therefore not covered under the Policy.[3]

Finally, the Policy for the Employee Benefits Liability Coverage also contains an exclusion for "the failure of any person or organization to perform any obligation or to fulfill any guarantee with respect to: the payment of benefits under employee benefit program; or the providing, handling or investing of funds related thereto." (ECF No. 34-3 at 123.) Therefore, even if the penalties, or the liquidated damages, were considered an employee benefit program, this provision excludes coverage. Again, Plaintiff fails to address this exclusion.

### iii. Umbrella Liability Coverage

Finally, the Umbrella Liability Coverage provides that Hartford will pay "those sums that the insured becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies, because of 'bodily injury', 'property damage' or personal and advertising injury' to which this insurance applies caused by an 'occurrence.'" (ECF No. 34-3 at 177.) This coverage also includes an Employment Practices Liability exclusion that is substantively identical to the Employment Related Practices exclusion in the Business Liability Coverage Policy. (ECF No. 34-3 at 180.) It includes the same definitions of "damages," "employee benefits injury," "administration," and

---

[3] The Court applies the following in coming to this conclusion: "The fact that the breach of the contractual obligation may itself have been negligent also does not render it a covered wrongful act." *Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 253 (2012) (citing *Baylor Heating & Air Conditioning, Inc. v. Federated Mutual Ins. Co.* 987 F.2d 415, 419–20 (7th Cir. 1993) (negligent failure to properly fund a pension plan is not a covered wrongful act).

"employee benefits program." (ECF No. 34-3 at 178–181.) Thus, the Court rests on its analysis in the above sections.

The Court is dismissing Plaintiff's complaint with prejudice because after granting Plaintiff an opportunity to amend its complaint, Plaintiff is still unable to cure the legal defects of its claim, which Plaintiff appears to admit it cannot rectify in its FAC: "Plaintiff does not have any other amendments to make other than those proposed in its amended complaint." (ECF No. 33 at ¶ 1.) Although "[t]he court should freely give leave when justice so requires," such leave need not be granted where such amendment is futile. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  The Court finds further amendment will be futile based on Plaintiff's repeated failure to state a claim upon which relief may be granted. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's first claim for relief with PREJUDICE.

### B.  Second Claim for Relief: Breach of Written Contract

Plaintiff alleges that Defendant breached the Policy agreement between them when Defendant declined to defend or indemnify Plaintiff in the employee-wage dispute. (ECF No. 33 at ¶ 35.) With regard to a breach of contract claim, "the determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 19 (1995) (quoting *UMG Recordings, Inc. v. American Home Assur. Co.*, 321 Fed. Appx. 553, 554 (9th Cir. 2008)). An insurer's duty to defend is broader than its duty to indemnify. *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 958 (2001). "Where there is no duty to defend, there cannot be a duty to indemnify." *Id.* As explained earlier, this Court finds that the plain language of the Policy does not grant a right to defense or indemnification for Plaintiff's employee-wage related penalties or liquidated damages under any of the three coverage provisions.

The Court has carefully considered whether Plaintiff may amend its FAC to state a claim upon which relief can be granted and finds that in light of the obvious deficiencies noted above, and Plaintiff's admission that it does not have any further amendments to make, the Court finds

it would be futile to grant Plaintiff leave to amend. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's second claim for relief with PREJUDICE.

### C. Third Claim for Relief: Bad Faith—Unreasonable Failure to Defend or Indemnify Claims

Plaintiff claims bad faith, alleging that Defendant willfully and maliciously disregarded Plaintiff's right to defense and indemnification, thus warranting punitive damages pursuant to California Civil Code section 3294. (ECF No. 33 at ¶ 59.) "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). Because a contractual obligation is the underpinning of a bad faith claim, such claim cannot be maintained unless policy benefits are due under the contract. *See Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1153 (1990). Defendant had no duty to defend or indemnify Plaintiff's employment wage claims or associated penalties, and therefore Defendant's declination of coverage and defense was reasonable and not in bad faith. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's third claim for relief with PREJUDICE.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's FAC with PREJUDICE.

IT IS SO ORDERED.

Dated: June 6, 2016

Troy L. Nunley
United States District Judge